UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTORIA THORSEN,<br><br>              Plaintiff,<br><br>v.<br><br>BCS DEVELOPERS, LLC; BUFF CITY SOAP, d/b/a BCS DEVELOPERS, LLC; and BCS NORTHERN, LLC,<br><br>              Defendants. | Civil Action No. 24-4370 (MAS) (RLS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

SINGH, United States Magistrate Judge.

      PRESENTLY before the Court is a Motion by Defendants BCS Developers, LLC, Buff City Soap d/b/a BCS Developers, LLC, and BCS Northern, LLC (collectively, "Defendants") for leave to file a response to Plaintiff Victoria Thorsen's ("Plaintiff") Amended Complaint out-of-time by a period of fourteen (14) days. (Doc. No. 11). Plaintiff opposes this Motion. (Doc. No. 12). Having considered the parties' written submissions and deciding the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), for the reasons set forth below, the Court **GRANTS** Defendant's Motion for leave to file a response out-of-time.

      By way of brief background, Plaintiff filed her initial Complaint on March 29, 2024. (Doc. No. 1). On June 17, 2024, Defendants filed a Motion to Dismiss the Complaint. (Doc. No. 8). In response, pursuant to Rule 15 of the Federal Rules of Civil Procedure, on July 1, 2024, Plaintiff filed an Amended Complaint, (Doc. No. 9), and did not file an opposition to Defendants' Motion to Dismiss. On July 16, 2024, Plaintiff filed a Request for Clerk's Entry of Default in relation to

1

the Amended Complaint. (Doc. No. 10). As of the date of this Memorandum Opinion and Order, the Clerk has not entered default. (Doc. No. 11-1 at ¶ 10).

On July 17, 2024, the day after Plaintiff's request for entry of default, Defendants filed the instant Motion, seeking an extension of time to respond to Plaintiff's Amended Complaint. (*See generally* Doc. No. 11). Defendants contend the failure to timely respond to the Amended Complaint was due to confusion as to deadlines set in connection with the Motion to Dismiss the original Complaint. (*See* Doc. No. 11-1 at ¶ 15). Defendants argue such confusion constitutes excusable neglect to show good cause pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. (*See* Doc. No. 11-1 at ¶ 13). Plaintiff opposes the Motion to the extent that Defendants seek leave to file "a response" to the Amended Complaint in lieu of "an answer" to the Amended Complaint. (*See* Doc. No. 12). Plaintiff seeks the Court to limit Defendants' relief to the filing, out of time, of an answer to the Amended Complaint. (*See* Doc. No. 12).

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), the Court may, for good cause and upon a motion, extend the time for Defendants to act if their failure to act within the original time period was due to "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect includes "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). In determining whether a party has shown excusable neglect, the Court considers "'all relevant circumstances'" including the risk of prejudice, the length of and reason of the delay, and whether the party acted in good faith. *Drippe v. Tobelinski*, 604 F.3d 778, 785 (3d Cir. 2010) (quoting *Pioneer Inv.*, 507 U.S. at 395). Courts may find excusable neglect when the delay to proceedings is not significant or when the procedural posture lends credence to the position that the failure to timely file was an honest oversight. *See, e.g., Bank v. Lake Ests. Condo. Assoc., Inc.*, No. 11-cv-

2

5338, 2012 WL 1435637, at *8 (D.N.J. Apr. 25, 2012) (finding that a six-week delay in filing an answer was neither significant nor prejudicial); *see also Cosimano v. Township of Union*, No. 10-cv-5710, 2017 WL 960352, at *4 (D.N.J. Mar. 13, 2017) (allowing defendants to file an answer a year out-of-time due to the case's unusual procedural history).

Here, Defendants' deadline to respond to the Amended Complaint under the Federal Rules of Civil Procedure was July 15, 2024. The next day, on July 16, 2024, Plaintiff sought the entry of default, and the very next day, on July 17, 2024, Defendants sought leave to file their response within two weeks. The length of delay here has not been significant, thus weighing in favor of a finding of excusable neglect. In addition, Defendants have averred as to their confusion in light of the schedule for the pending Motion to Dismiss, proffering a sufficient justification for the delay under Rule 6 considering the totality of the circumstances. Moreover, there is no indication that Defendants did not act in good faith in failing to timely file a response to the Amended Complaint. Finally, there is no undue prejudice to Plaintiff in permitting Defendants to respond to the Amended Complaint in light of the short delay. Rather, if the Court were to limit Defendants' response to an answer as requested by Plaintiff, Defendants may be unduly prejudiced. Accordingly, the Court finds Defendants acted with excusable neglect and thus, for good cause shown, grants Defendants' Motion.

Therefore, for the reasons set forth above, and for good cause having been shown,

**IT IS** on this **7th** day of **August 2024** hereby

**ORDERED** that Defendants' Motion for leave to file a response to Plaintiff's Amended Complaint out-of-time (Doc. No. 11) is **GRANTED**; and it is further

**ORDERED** that Defendants shall file their response to the Amended Complaint within fourteen (14) days of the entry of this Memorandum Opinion and Order; and it is further

**ORDERED** that, in light of the filing of the Amended Complaint and Defendants' anticipated response thereto, the Clerk of the Court shall administratively **TERMINATE** the Motion to Dismiss at Docket Entry No. 8; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry No. 11.

**SO ORDERED.**

_____
RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE